1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10          EASTERN DISTRICT OF CALIFORNIA

11  JOSEPH CUVIELLO, and DENIZ          Civil Case No. 2:07-CV-01625-LKK-KJM
    BOLBOL, individually,
12                                       **_CORRECTED_ ORDER RE PERMANENT**
                        Plaintiffs,      **INJUNCTION**
13
        vs.                              **Honorable Lawrence K. Karlton**
14
    CITY OF STOCKTON,  a public entity,
15  INTERNATIONAL FACILITIES GROUP
    (IFG), a corporation d.b.a. IFG-
16  STOCKTON, INC., STOCKTON POLICE
    OFFICER LT. TRULSSON, STOCKTON
17  POLICE OFFICER SGT.
    CHRISTAINSON, STOCKTON POLICE
18  OFFICER BENDER, STOCKTON POLICE
    OFFICER SGT. FLYNN, STOCKTON
19  POLICE OFFICER SGT. GOODNIGHT,
    STOCKTON ASSISTANT CITY
20  ATTORNEY MICHAEL RISHWAIN,,
    STOCKTON PORT AURTHORITY,
21  POLICE LT. NICHOLS,
    CONTEMPORARY SERVICES
22  CORPORATION (CSC), REUBEN
    VASQUEZ, MATTHEW ZENON, and
23  DOES 1-40 in their individual and official
    capacities, Jointly and Severally,
24
                        Defendants.
25

26

27

28

PDF created with pdfFactory trial version www.pdffactory.com

1   WHEREAS the parties to this lawsuit have entered into a settlement agreement, that

2   provides for a complete resolution of this dispute and for the dismissal of all claims against all

3   defendants (the "Settlement Agreement"), which is attached hereto as Exhibit 1;

4   WHEREAS within the Settlement Agreement the parties agreed that the preliminary

5   injunction issued by the United States District Court, Eastern District of California, in this

6   matter on September 16, 2008, a copy of which is attached as Exhibit A to the Settlement

7   Agreement and was incorporated herein by reference thereto, covering plaintiffs and

8   defendants activities outside of performances of the Ringling Bros. Circus, shall become a

9   permanent injunction ("Injunction"):

10   THE COURT HEREBY ORDERS AS FOLLOWS:

11   a.   During the Ringling Bros. Circus, plaintiffs shall be permitted full access to the

12   public fora surrounding the Stockton Arena, including parking lots and public walkways,

13   without interference from International Facilities Group or its agents or the City of Stockton

14   or its agents;

15   b.   During the Ringling Bros. Circus, plaintiffs shall be permitted full access to the

16   public streets, including W. Washington Street, of the City of Stockton, without interference

17   from International Facilities Group or its agents or the City of Stockton or its agents; and

18   c.   During the Ringling Bros. Circus, plaintiffs shall be permitted to distribute

19   leaflets and to videotape in any public streets and any public fora areas surrounding the

20   Stockton Arena.

21   d.   The above-referenced Injunction shall be enforceable for a period of two (2)

22   years from the date of this Agreement unless violations are found by the United States District

23   Court, Eastern District of California.  If no violations are found by the Court within two (2)

24   years of the date of the Agreement, the Injunction shall automatically expire.

25   IT IS SO ORDERED.

26

27   DATED:   April 14, 2009

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

28

PDF created with pdfFactory trial version www.pdffactory.com

**EXHIBIT 1**

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS BETWEEN PLAINTIFFS JOSEPH CUVIELLO AND DENIZ BOLBOL AND DEFENDANTS CITY OF STOCKTON AND INTERNATIONAL FACILITIES GROUP

This Settlement Agreement and General Release of All Claims (the "Agreement") is made as of the 26th day of February 2009, by and between plaintiffs Joseph Cuviello and Deniz Bolbol, defendant City of Stockton, a municipal corporation, and defendant International Facilities Group, a corporation d.b.a. IFG-Stockton, Inc., hereinafter "the Parties," with reference to the following facts and purposes:

### RECITALS

WHEREAS, on August 9, 2007, plaintiffs filed a Complaint for Violation of Constitutional Rights and For Injunctive and Declaratory Relief against defendants in the United States District Court, Eastern District of California, Case No. 2:07-CV-01625 LKK KJM, for alleged violations of their rights of free speech under the United States and California Constitutions outside of performances of the Ringling Bros. – Barnum & Bailey Circus at the Stockton Arena ("the Arena") in Stockton, California in 2006;

WHEREAS, the original Complaint was brought against the City of Stockton ("the City"), former Assistant City Attorney Michael Rishwain, Stockton police officer Lt. Cris Trulsson, and International Facilities Group ("IFG"), a corporation d.b.a. IFG-Stockton, Inc.;

WHEREAS, on September 16, 2008, the Honorable Lawrence K. Karlton, Senior Judge, United States District Court, issued a preliminary injunction against the above-referenced defendants, requiring them to provide certain access to plaintiffs at the Ringling Bros. circus at the Stockton Arena from September 18 through 21, 2008;

WHEREAS, on January 29, 2009, plaintiffs filed a Second Amended Complaint, which is the operative Complaint in this action, for alleged violations outside of the performances of the Ringling Bros. Circus in 2008;

WHEREAS, the Second Amended Complaint added several new defendants including but not limited to Stockton police officers Sgt. Christensen, Sgt. Flynn, Sgt. Goodnight and Officer Bender, the Port of Stockton and Port police officer Lt. Nichols, former IFG employees Tara Bulzomi and Todd Larios, Contemporary Services Corporation ("CSC"), and CSC employees Reuben Vazquez and Matthew Zenon;

EXHIBIT A

WHEREAS, at the time of the filing of the Second Amended Complaint, the City owned the Arena; IFG managed, operated and marketed the Arena and administered security at events held at the Arena pursuant to a Facilities Management Agreement with the City; and CSC was an agent of IFG that provided private security for the Arena;

WHEREAS, this Agreement is entered into with the intent of resolving all issues between plaintiffs and defendants that are related to plaintiffs' claims in the United States District Court, Eastern District of California, Case No. 2:07-CV-01625 LKK KJM (collectively "the Litigation");

WHEREAS, this Agreement is an agreement to compromise and settle claims and is not an admission of liability or the validity of any party's claims;

NOW, THEREFORE, in consideration of the mutual covenants and promises contained in this Agreement, and other good and valuable consideration, and in full and final satisfaction of all claims asserted or that could have been asserted in this Litigation, the Parties agree as follows:

### AGREEMENT

1.  The above recitals are true and correct.

2.  **Payment:** As payment in settlement of the claims from or otherwise relating to the Litigation, as described herein, the City and IFG hereby agree to pay to plaintiffs the total sum of FOUR HUNDRED FORTY-FIVE THOUSAND and No/100 Dollars ($445,000.00) (the "Settlement Amount"), on or before April 10, 2009, as follows:

    a.  City will pay $235,000 of the Settlement Amount;

    b.  IFG will pay $210,000 of the Settlement Amount;

    c.  The Settlement Amount shall be paid by defendants to plaintiffs by check(s) made payable to "Gonzalez & Leigh LLP," Two Shaw Alley, Third Floor, San Francisco, CA 94105.

3.  **Injunction:** The preliminary injunction issued by the United States District Court, Eastern District of California, on September 16, 2008, a copy of which is attached as Exhibit A to this Agreement and incorporated herein by reference thereto, covering plaintiffs and defendants activities outside of performances of the

Ringling Bros. Circus, shall become a permanent injunction ("Injunction") against defendants as follows:

a.   During the Ringling Bros. Circus, plaintiffs shall be permitted full access to the public fora surrounding the Stockton Arena, including parking lots and public walkways, without interference from International Facilities Group or its agents or the City of Stockton or its agents;

b.   During the Ringling Bros. Circus, plaintiffs shall be permitted full access to the public streets, including W. Washington Street, of the City of Stockton, without interference from International Facilities Group or its agents or the City of Stockton or its agents; and

c.   During the Ringling Bros. Circus, plaintiffs shall be permitted to distribute leaflets and to videotape in any public streets and any public fora areas surrounding the Stockton Arena.

d.   The above-referenced Injunction shall be enforceable for a period of two (2) years from the date of this Agreement unless violations are found by the United States District Court, Eastern District of California. If no violations are found by the Court within two (2) years of the date of this Agreement, the Injunction shall automatically expire.

4.   **Dismissal:** Plaintiffs and plaintiff's counsel shall execute a Dismissal with prejudice as to all named defendants in the Second Amended Complaint, to be filed by plaintiffs within five days of payment of the Settlement Amount.

5.   **Releases:** Plaintiffs agree that payment of the Settlement Amount and the Injunction constitute full settlement and satisfaction for each and every claim, cause of action, or liability, known or unknown, now or in the future, against the City, its departments, and its current and former officials, officers, agents, employees, or representatives, IFG, its current and former agents, employees, or representatives, the Port of Stockton, its current and former officials, officers, agents, employees, or representatives, and CSC, its current and former agents, employees or representatives, which have been asserted or could have been asserted by plaintiffs, arising from or otherwise relating to the Litigation, including but not limited to, any damages of any nature and for any causes, injunctive relief

and/or declaratory relief arising out of alleged violations of plaintiffs' rights under the United States and California Constitutions outside the Arena and/or Ringling Bros. performances at the Arena, and attorney's fees.

6. As to the matters released herein, the Parties expressly waive and relinquish any and all rights under section 1542 of the Civil Code of the State of California, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

7. Each party shall bear its own litigation expenses, attorneys' fees and costs relating to the claims compromised by this Settlement Agreement.

8. This Agreement shall bind and inure to the benefit of the principals, agents, administrators, representatives, successors, heirs, and assigns of the Parties hereto.

9. This Agreement is the product of a mediation and negotiation and preparation by and among the Parties, who voluntarily acknowledge and agree that this Agreement shall not be deemed prepared or drafted by one party or another and should be construed accordingly.

10. This Agreement is entered into in the State of California and shall, in all respects, be governed by the laws of said State. Venue of any litigation arising hereunder shall be the United States District Court, Eastern District of California.

11. Should any term, clause, or provision of this Agreement be found to be invalid, the validity of the remaining terms, clauses, and provisions shall not be affected.

12. This Agreement may be executed in one or more counterparts, each of which after each party has signed and delivered at least one such counterpart to each other party, shall have the same force and effect as an original executed by all Parties.

IN WITNESS of their consent to this Agreement, the Parties have executed this Agreement, on the date(s) set forth below.

DATED: March 19, 2009

JOSEPH CUVIELLO, IN PRO PER

By: _____

DATED: March 19, 2009

DENIZ BOLBOL

By: _____

DATED: _____, 2009

CITY OF STOCKTON

By: _____

Title: _____

DATED: _____, 2009

INTERNATIONAL FACILITIES GROUP

By: _____

Title: _____

*Signatures continued on next page.*

IN WITNESS of their consent to this Agreement, the Parties have executed this Agreement, on the date(s) set forth below.

DATED: _____, 2009          JOSEPH CUVIELLO, IN PRO PER

                                  By: _____

DATED: _____, 2009          DENIZ BOLBOL

                                  By: _____

DATED: _____, 2009          CITY OF STOCKTON
                                  By: _____

                                  Title: _____

DATED: 03-23, 2009                INTERNATIONAL FACILITIES GROUP
                                  By: _____

                                  Title: _____

*Signatures continued on next page.*

Approved as to form:

DATED: _March 17_, 2009

GONZALEZ & LEIGH LLP

By: _____

Matt Gonzalez
G. Whitney Leigh
Attorneys for Plaintiff
DENIZ BOLBOL

DATED: _March 23_ 2009

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____

Kimberly E. Colwell
Kimberly M. Drake
Attorneys for Defendants
CITY OF STOCKTON, MICHAEL RISHWAIN,
LT. TRULSSON, SGT. CHRISTENSEN, SGT.
FLYNN, SGT. GOODNIGHT, OFFICER
BENDER

DATED: _____, 2009

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____

George Ziser
Jonathan Rizzardi
Attorneys for Defendant
INTERNATIONAL FACILITIES GROUP, TARA .
BULZOMI, TODD LARIOS

DATED: _____, 2009

MANNING & MARDER

By: _____

Lisa Villasenor
David J. Wilson
Attorneys for Defendant
CONTEMPORARY SERVICES
CORPORATION, REUBEN VAZQUEZ,
MATTHEW ZENON

146.4009/1209695.1

Approved as to form:

DATED: _____, 2009     GONZALEZ & LEIGH LLP

By:_____
     Matt Gonzalez
     G. Whitney Leigh
     Attorneys for Plaintiff
     DENIZ BOLBOL

DATED: _____, 2009     MEYERS, NAVE, RIBACK, SILVER & WILSON

By:_____
     Kimberly E. Colwell
     Kimberly M. Drake
     Attorneys for Defendants
     CITY OF STOCKTON, MICHAEL RISHWAIN,
     LT. TRULSSON, SGT. CHRISTENSEN, SGT.
     FLYNN, SGT. GOODNIGHT, OFFICER
     BENDER

DATED:_____, 2009     LEWIS BRISBOIS BISGAARD & SMITH LLP

By:_____
     George Ziser
     Jonathan Rizzardi
     Attorneys for Defendant
     INTERNATIONAL FACILITIES GROUP, TARA
     BULZOMI, TODD LARIOS

DATED: March 18, 2009     MANNING & MARDER

By:_____
     Lisa Villasenor
     David J. Wilson
     Attorneys for Defendant
     CONTEMPORARY SERVICES
     CORPORATION, REUBEN VAZQUEZ,
     MATTHEW ZENON

146.4009/1209695.1